

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. W. W. Waid
Warden, Texas Prison System
Huntsville,Texas

Dear Sir:

> Opinion No. O-3215
> Re: Consequence of felony conviction
>     of recipient of conditional pardon.

Reference is made to your letter of February 24, 1941, requesting the opinion of this Department as to the status of one Benjamin Hollings, prior register number 43724, present register number 96365.

Your letter reads as follows:

"In reference to the above captioned inmate who was received in this institution February 17th under a new conviction of three (3) years for Murder without Malice from Travis County, Austin, Texas.

"This inmate was previously incarcerated from Van Zandt County, Texas in 1919 serving a ninety-nine year term for Murder, and was released on clemency granted by former Governor Miriam A. Ferguson as per the enclosed copy of proclamation; the original of which is contained in the files of our Bureau of Records and Identification.

"Under date of February 20th I requested an opinion regarding the status of this prisoner from the Board of Pardons and Paroles, and have at hand their letter of February 21st advising me to submit the matter to you. Kindly advise at your convenience whether the clemency in question may be construed as a Full Pardon. The subject inmate is now classified as a Conditional Pardon violator and is registered under his old number "43724" serving the balance of his Ninety-Nine year term. If this is incorrect, he will be placed back under a new number and registered as serving the new conviction of three (3) years."

Hon. W. W. Wald, page 2

The executive proclamation granting pardon for the first murder conviction is conditional and provides:

"TO ALL TO WHOM THESE PRESENTS SHALL COME:

"WHEREAS, At the May Term, A. D., 1919 in the District Court of Van Zandt County, Texas, ------------------------
BENJAMIN HOLLINGS #43,724
was convicted of a felony, towit: M U R D E R and his punishment assessed at confinement in the Penitentiary for Ninety-nine years; and

"This defendant is granted a pardon conditioned that as long as he receives $15.00 per month, his board and lodging and is treated humanely he remain in the personal employ of Ex-Governor James E. Ferguson, for six years from the date hereof and under his advice and direction.

"IN TESTIMONY WHEREOF, I have hereunto signed my name officially and caused the Seal of State to be impressed hereon at Austin, this the 12th day of January, A. D.,1927.

/s/ Miriam A. Ferguson
        Governor of Texas

" BY THE GOVERNOR:

/s/ Emma Grigsby Meharg
        Secretary of State

------------------------

"I, Benjamin Hollings, the above described, freely accept the above pardon and condition therein mentioned.

/s/ Benjamin Hollings."

The rule is that in case of doubt conditional pardons are to be construed most favorably to the grantee and against the sovereign.  Osborn v. United States, 91 U. S. 474, 23 L. Ed. 388; 20 R. C. L. 552.  With this in mind we interpret the pardon granted Benjamin Hollings, dated Jan. 12, 1927, to be conditional solely that he remain in the personal employ and under the advice and direction of Jas. E. Ferguson for a period of six years from the 12th day of January, 1927; and that this be necessary only in the event that he receives the sum of $15. per month, his

Hon. W. W. Waid, page 3

board and lodging and is treated humanely by such employer.
We interpret this to be a condition precedent and if this
condition was satisfied - there being no other - the pardon
became irrevocable on the 12th day of January, 1933.

The conditions attached to a pardon are discretionary
with the executive - the only requirement being that they be
not illegal or immoral. Ex parte Davenport, 110 Tex. Cr. Rep. 326,
7 S. W. (2d) 589, 60 A.L.R. 1403. In order to be operative, how-
ever, they must appear in the pardon. Ex parte Reno, 66 Mo. 266,
27 Am. Rep. 337; Annotations, 60 A.L.R. 1415, 111 Am. St. Rep.108,
7 Ann. Cas. 88.

A conditional pardon, be it upon conditions precedent
or subsequent, becomes absolute upon the fulfillment of its
conditions. Carr v. State, 19 Cr. App. 635, 53 Am. Rep. 395.
It cannot be revoked after it has been delivered and accepted
and the grantee has faithfully performed the conditions. Ex parte
Rice, 72 Cr. Rep. 587, 162 S. W. 891; Ex parte Frazier, 91 Cr.
Rep. 475, 239 S. W. 972.

In the Rice case the court said:

"Under all the authorities we have been able to find,
the rule is that when the Governor has issued an uncondi-
tional pardon, and it is accepted by the prisoner, and
he is released thereunder, all power and control over
the prisoner is gone. The Governor has no authority to
revoke an unconditional pardon after its issuance, delivery,
and acceptance.

"A conditional pardon is as absolute an act upon the
conditions named therein as is an unconditional pardon.
It can be revoked and annuled only upon a violation of
the conditions the Governor has seen fit to insert therein.
Upon a violation of the conditions, the right of revocation
at once arises; but if the conditions are not violated, the
right to annul does not exist. This right springs into
existence coincident with the violation of the conditions,
or either of them, named in the conditional pardon."

On motion for rehearing the court continued:

"And if the Governor is not granted the authority and power to revoke an unconditional pardon at his pleasure by the Constitution - and this certainly no one can contend - then the right to revoke a conditional pardon comes, not from any power conferred upon him by the Constitution and laws of the State, but by reason of the conditions placed in the pardon, and solely from that source."

Hollings' pardon was not conditioned that he maintain good behavior or that he refrain from committing further crime. The only requirement was that he remain in the employ of James E. Ferguson for six years if he received proper treatment and pay. His pardon could be revoked by the Governor for violation of this -- and only this -- condition. We are informed by the executive department that it has not been so revoked.

Not having been revoked, it is our opinion that you have no authority to classify Hollings as a conditional pardon violator and place him under his old number. He should be given a new number for his new conviction until executive action is taken revoking his pardon--it being established that he has violated, during the six year period mentioned, some condition stated therein.

The foregoing conclusion makes it unnecessary for us to pass upon the question as to whether the conditional pardon involved may now be considered a full pardon.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _James D. Smullen_
James D. Smullen
Assistant

JDS:js

APPROVED MAR 12, 1941

_Gerald C. Mann_

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN